UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MONTEZ KENNEDY #237216,                )
                                       )
                    Plaintiff,         )        Case No. 2:07-cv-149
                                       )
v.                                     )        HON. R. ALLAN EDGAR
                                       )
TANYA ETELAMAKI, et al.,               )
                                       )        **OPINION**
                    Defendants.        )
_____)

### I. Facts

Plaintiff Montez Kennedy, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Resident Unit Supervisor Tanya Etelamaki, Sergeant Randy Hay, Assistant Deputy Warden Darlene Edlund, Hearing Investigator Stephen Raymond, Hearing Officer Susan Burke, and Hearings Administrator Richard Stapleton.

Plaintiff's complaint alleges that Defendant Etelamaki wrote a fabricated misconduct report on Plaintiff on June 17, 2005, and that Officer Snow wrote a fabricated misconduct on Plaintiff on June 20, 2005. Defendant Burke found Plaintiff guilty of both misconducts and Defendant Stapleton denied Plaintiff's requests for rehearing. Plaintiff claims that the other Defendants conspired to deny him due process and to retaliate against him by issuing the misconduct tickets.

Plaintiff alleges that unbeknownst to him, he was placed on modified access to the grievance procedure sometime in April of 2005. Plaintiff alleges that he requested grievance forms on June 22, 2005, June 23, 2005, July 12, 2005, and May 8, 2006, but did not receive a response to

his requests.  Plaintiff seeks declaratory and injunctive relief, including the expungement of two misconduct convictions.

## II. Analysis

### A.  Standard of Review

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56.  Plaintiff has filed a response and two motions for partial summary judgment. The matter is ready for decision.  Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply.  *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the

2

plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

### B. Judicial Immunity

Initially, Defendants state that Defendants Burke and Stapleton are entitled to summary judgment because they are entitled to immunity from Plaintiff's claims. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same).

In Plaintiff's response to the motion for summary judgment, he states that absolute judicial immunity is not a bar to prospective injunctive relief. Plaintiff is correct. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). As noted above, Plaintiff is only seeking injunctive and declaratory relief in this case. Therefore, the court concludes that Defendants Burke and Stapleton are not entitled to judicial immunity.

### C. Retaliation

Defendants contend that they are entitled to summary judgment on Plaintiff's retaliation claims. Retaliation based upon a prisoner's exercise of his or her constitutional rights

violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person

of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least

in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to

prove that the exercise of the protected right was a substantial or motivating factor in the defendant's

alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing

*Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff claims that he was retaliated against for filing grievances. The filing of a

prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated

against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442,

2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463,

at *2 (6th Cir. Nov. 1, 2000).

Plaintiff contends that the adverse conduct in this case was the two "fabricated"

misconducts. Plaintiff alleges that Defendants Etelamaki and Edlund conspired to issue the ticket on

June 17, 2005, and that Resident Unit Officer Tony Snow fabricated a misconduct charge on June 20,

2005. Plaintiff claims that he did not receive due process during the investigation and hearing process

and that the convictions could result in the extension of his prison sentence.

Defendants state that Plaintiff cannot show a causal connection between the adverse

conduct and the protected conduct because he cannot show that Defendants had any knowledge that

he had attempted to file grievances. In addition, Defendants state that Plaintiff received the

misconducts because he violated prison rules, and not as a result of retaliatory animus on the part of

Defendants. In support of this assertion, Defendants attach copies of the hearing record for the two

4

misconducts to their brief.  According to the hearing report for the June 17, 2005, Insolence misconduct, Plaintiff told Defendant Etelamaki, "Bitch, I do what I want."  Defendant Burke further states that although Plaintiff claims that the misconduct had been fabricated by Defendant Etelamaki because he filed complaints against her, complaints against staff are commonplace.  Defendant Burke noted that Plaintiff's statement did not convince her that Defendant Etelamaki was so affected by the complaints that she fabricated the report.  (Defendants' Exhibit 2.)

In the hearing report for the June 20, 2005, Assault and Battery misconduct, Defendant Burke stated:

> Prisoner did not dispute the substance of the Misconduct Report, which details clearly that while the officer was placing prisoner in the yard module, prisoner became very agitated and attempted to pull the officer's arm into the yard module slot after the cuff was removed from his wrist.  When that failed, prisoner grabbed the officer's left hand with his free hand, violently tearing at the officer's latex gloves and scratching the officer's hand.  Prisoner's action was an intentional, non-consensual touching of another person done either in anger or with the purpose of abusing or injuring another.

(Defendants' Exhibit 3.)

In response, Plaintiff states that he has alleged that there was a lack of probable cause to justify Defendants issuing the tickets.  However, Plaintiff fails to allege specific facts in support of this assertion.  It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985).  "[A]lleging merely the ultimate fact of retaliation is insufficient."  *Murphy*, 833 F.2d at 108.  Conclusory allegations of retaliatory motive "with no concrete, relevant particulars" fail to raise a genuine issue of fact for trial.  *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v.*

5

*Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. Therefore, Defendants are entitled to summary judgment on Plaintiff's retaliation claims.

### D. Favorable Termination Requirement

Defendants claim that they are entitled to summary judgment because Plaintiff's claims are barred by the favorable termination requirement. Plaintiff claims that he was falsely convicted of fighting, a major misconduct. He also appears to claim that evidence from other witnesses should have been explored instead of relying on a staff member's statement about the incident. The Supreme Court has held that claims for equitable relief and monetary damages, which necessarily implies the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of

6

good-time credits, his claim is not cognizable under § 1983.  *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).  *See also Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, 540 U.S. at 754-55, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected.  *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004).  In other words, *Edwards* still applies where a plaintiff has lost good-time credits as the result of the misconduct conviction.  Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction.  *See* MICH. COMP. LAWS § 800.33.  In addition, the warden may order forfeiture of previously accumulated good-time credits in cases.  *Id.*  Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction.  In fact, Plaintiff states that he will be required to serve a longer sentence as a result of the misconduct convictions.  Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

**E. Due Process**

Finally, Defendants claim that they are entitled to summary judgment because Plaintiff received due process during his misconduct hearings.  In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law.  This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false.  The Due Process clause

7

does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

As noted above, Defendants attach copies of the misconduct record to their brief as Exhibits 2 and 3. According to the hearing report for the June 17, 2005, Insolence misconduct, the evidence considered included the misconduct report and the hearing investigation report, which included Plaintiff's statement. After considering the evidence, Plaintiff was found guilty of telling Defendant Etelamaki, "Bitch, I do what I want." (Defendants' Exhibit 2.) The evidence considered during the hearing for the June 20, 2005, Assault and Battery misconduct included the misconduct report and the hearing investigation report, which included Plaintiff's statement, a photo of the

officer's hand, a response by Defendant Hay, and a statement by Officer Kutchie.  In finding Plaintiff

guilty of the misconduct, Defendant Burke stated:

> Prisoner did not dispute the substance of the Misconduct Report,
> which details clearly that while the officer was placing prisoner in the
> yard module, prisoner became very agitated and attempted to pull the
> officer's arm into the yard module slot after the cuff was removed
> from his wrist.  When that failed, prisoner grabbed the officer's left
> hand with his free hand, violently tearing at the officer's latex gloves
> and scratching the officer's hand.  Prisoner's action was an intentional,
> non-consensual touching of another person done either in anger or
> with the purpose of abusing or injuring another.

(Defendants' Exhibit 3.)

Therefore, the court concludes that Plaintiff received due process of law, and that he

cannot support any claim that his constitutional rights were violated during the misconduct hearing.

Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice

of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal

evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and

(3) a written statement by the factfinders as to the evidence relied upon for their decision which

includes a statement as to the reasons for the decision.  *Wolff v. McDonnell*, 418 U.S. 539, 564-66

(1974).  If the prisoner received these procedural protections, and if there were "some facts" to

support the decision of the hearings officer, then the prisoner received all the process to which he was

due.  *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985).

### III.  Conclusion

In light of the foregoing, the court concludes that Plaintiff has failed to sustain his

burden of proof in response to Defendants' motion for summary judgment.  Accordingly,

Defendants' motion for summary judgment (docket #21) will be granted and this case will be

9

dismissed in its entirety.  Plaintiff's motions for partial summary judgment (docket #24 and #46) are properly denied as moot.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Dated: _____9/26/08_____        _____*/s/ R. Allan Edgar*_____
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE